IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| VIKING OFFSHORE (USA) INC., | ) | CASE NO. 08-31219-H3-11 |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Amended Motion for an Order (i) Prohibiting Utilities from Altering, Refusing or Discontinuing Service and (ii) Establishing Procedures to Determine Requests for Adequate Assurance of Payment" (Docket No. 26). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008. The cases were jointly administered, by order entered March 4, 2008, and have been designated as a complex Chapter 11 case, by order entered March

10, 2008.

In the instant motion, Debtors seek two forms of relief. First, Debtors seek entry of an order determining that, with respect to two utilities which hold security deposits from Debtors,[1] the security deposits provide adequate assurance of future payment for the utility services of each of the two utilities.

Second, with respect to other utilities, of which Debtors have identified twelve entities,[2] Debtors seek establishment of a procedure, under which a utility must request of Debtors in writing, on or before March 30, 2008, adequate assurance of payment. Under the proposed procedure, if Debtors and the utility cannot agree on adequate assurance, the utility must then file a motion. Debtors seek an order enjoining the utilities from terminating service until the court considers any such motion.

Debtors assert that the relief they have requested is necessary, in order to avoid the surprise of a utility deciding to cease providing services without first attempting a consensual resolution.

---

[1] In the instant motion, Debtors state that Debtors have a $200.00 deposit with City of Galveston Water and a $3,242.00 deposit with Reliant Energy.

[2] Debtors apparently seek to avoid a determination that any of the entities they have identified are or are not utilities.

2

Youllonda Driver, the chief financial officer of four of the Debtors, testified that Debtors were current in payment for all utility services prior to bankruptcy, and that Debtors have not been contacted by any of the utilities since the petition date seeking increased deposits or payment.  She testified she believes Debtors have sufficient funds in their bank accounts to maintain all utility payments.

Conclusions of Law

In the instant motion, Debtors seek relief under Sections 105(a) and 366 of the Bankruptcy Code.

Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Section 366 of the Bankruptcy Code provides:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief,

furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.  On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

(c)(1)(A) For purposes of this subsection, the term "assurance of payment" means--

>   (i) a cash deposit;
>   (ii) a letter of credit;
>   (iii) a certificate of deposit;
>   (iv) a surety bond;
>   (v) a prepayment of utility consumption; or
>   (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

>  (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

>  (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider--

>>   (i) the absence of security before the date of the filing of the petition;

4

> > (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
> >
> > (iii) the availability of an administrative expense priority.
>
> (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

11 U.S.C. § 366.

      Two published opinions have addressed the 2005 amendment to Section 366, which added present section 366(c).  In <u>In re Lucre</u>, 333 B.R. 151 (Bankr. W.D. Mich. 2005), the debtor proposed making cash deposits to each of four utilities, as adequate assurance of payment.  One of the four utilities responded, requesting a higher amount of deposit.  The other three utilities did not respond.  The court held that it lacked discretion to continue the injunction as to the entities which had not responded to the debtor's offer of adequate assurance.  As to the utility which demanded a higher deposit, the court did not grant the relief requested, but rather determined that the debtor could provide adequate assurance as set forth in its motion, and then the utility could file a motion seeking adjustment of the amount.

In <u>In re Syroco Inc.</u>, 374 B.R. 60 (Bankr. D.P.R. 2007), the court rejected the rule in <u>Lucre</u>. The debtor in <u>Syroco</u> offered each of the utilities a deposit consisting of the cost of two weeks' service. The court held, based on the 1977 legislative history of Section 366, that its purpose was to "protect debtors from a cutoff of service by a utility because of the filing of the petition." The court in <u>Syroco</u> interpreted the silence of utility companies as acquiescence.

The broad power granted to the bankruptcy court in Section 105(a) of the Bankruptcy Code cannot be exercised to alter another provision of the Bankruptcy Code. <u>In re Oxford Mgmt., Inc.</u>, 4 F.3d 1329 (5th Cir. 1993); <u>In re Zale Corp.</u>, 62 F.3d 746 (5th Cir. 1995).

With respect to the twelve entities with which Debtors have proposed no cash deposit, the instant case differs from both <u>Lucre</u> and <u>Syroco</u>, in that Debtors propose that they not be required to furnish any adequate assurance at all, unless a party requests. The plain language of Section 366(c)(2) makes clear that a Chapter 11 debtor must furnish adequate assurance of payment that is satisfactory to the utility. The rule Debtors advocate, as to the twelve entities Debtors have identified and any other utilities identified in the future, would reverse that statutory provision, requiring that Debtors provide adequate assurance only if a utility comes forward and requests relief on

6

motion.

Debtors assert that the relief they are seeking can be granted under Section 366(c)(3)(A), which permits the court, on request of a party in interest and after notice and a hearing, to order a modification in the amount of adequate assurance.  The court does not reach the question of whether, if Debtors had proposed adequate assurance in one of the forms identified in Section 366(c)(1)(A) from the inception of the case, the court could immediately modify the amount necessary to provide adequate assurance as of the inception of the case pursuant to Section 366(c)(3)(A).  See e.g., In re Haven Eldercare, LLC, 2008 WL 139543 (Bankr. D. Conn. 2008).  However, what is clear is that neither Section 105(a) nor Section 366(c)(3)(A) may be used to eliminate entirely the requirement in Section 366(c)(2) that a Debtor provide adequate assurance of payment.[3]

With respect to the two entities with which Debtors have cash deposits, Section 366(c)(2) requires that the provision of adequate assurance be "satisfactory to the utility."  The structure of Section 366 is such that, if Debtors are unable to provide an offer of adequate assurance satisfactory to the utility, the utility may insist on a different amount, subject to

---

[3]The court notes, however, that a debtor may continue to pay a utility, and a utility may continue to provide service, in the absence of an injunction preventing the utility from terminating service.

7

a determination by the court.  The relief requested by Debtors would reverse the burden, by making an advance determination that the proposed assurance was adequate.  In light of the controlling opinions in <u>Oxford</u> and <u>Zale</u>, this court agrees with the rule announced in <u>Lucre</u>, that the court lacks the power to reverse the statutory framework for provision of adequate assurance of payment.

Based on the foregoing, a separate Judgment will be entered denying the "Amended Motion for an Order (i) Prohibiting Utilities from Altering, Refusing or Discontinuing Service and (ii) Establishing Procedures to Determine Requests for Adequate Assurance of Payment" (Docket No. 26), without prejudice.

Signed at Houston, Texas on March 20, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE