IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| VIKING OFFSHORE (USA), INC., | ) | CASE NO. 08-31219-H3-11 |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Motion for Authority to Pay Bonuses to Certain Non-insider Employees" (Docket No. 76). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008. The cases were jointly administered, by order entered March 4, 2008, and have been designated as a complex Chapter 11 case, by order entered March 10, 2008.

Debtors' primary business activity in the instant Chapter 11 case is an attempt to complete an arms-length brokered sale of three drilling rigs and related equipment through a Chapter 11 plan.

W. Dennis Heagney, Debtors' chief executive officer, testified that, on the petition date, Debtors had approximately 30 employees.  He testified that Debtors have reduced their number of non-management employees to six.

In the instant motion, Debtors seek approval of a retention bonus of one month's regular compensation for every three months worked, payable on the last business day of each May, August, November, and February.  The motion is opposed by Norsk Tillitsmann, ASA, the indenture trustee under Debtors' Norwegian bonds, on grounds the amount of the bonus is excessive.

Heagney testified that he believes Debtors' employees have been contacted by recruiters.  He testified that he believes that there are many opportunities in the marketplace for skilled employees to find other employment.  He testified that the work remaining to be done requires a familiarity with Debtors' equipment.  He testified that, if Debtors employees are not retained, Debtors would be required to locate personnel in the marketplace, and it would take the new personnel approximately three to four months to become familiar with Debtors' equipment.

Heagney testified regarding the work done by each of the six employees. He testified that Jaki Ettinger, Debtors' assistant controller, has been responsible for preparing information for Debtors' schedules. He testified that she has been with Debtors "since the beginning." Heagney testified that Olivia Engelder, his assistant, has put together sales brochures for sale of the rigs. He testified that Mike Cammack, Debtors' project administrator, and Racine Jones, Cammack's assistant, have assembled documents, including Debtors' purchase orders, which Heagney believes will increase the value and purchase price of the rigs. Heagney testified that Don McGee and Daniel Sumrall have been physically inspecting the rigs, maintaining the rigs' safety, putting loose material in containers, conducting inventory, and securing the rigs against hurricanes.

Heagney testified that the basis on which he determined that the proposed bonus was reasonable was that he had made available a similar bonus in a previous situation in which an entity was selling its rigs.

Neither Debtors nor Norsk Tillitsmann presented evidence regarding the amount of the monthly compensation of the six employees covered by the instant motion, nor of the expenditure the proposed bonus is expected to occasion.

Conclusions of Law

The instant motion is governed by Section 363(b)(1) of the Bankruptcy Code, because Debtors seeks to use their funds outside the ordinary course of business to pay the proposed bonuses.

For the Debtors-in-possession to satisfy their fiduciary duty to the creditors and equity holders, there must be an articulated sound business justification for the use of property outside the ordinary course of business.  In re Continental Airlines, 780 F.2d 1223 (5th Cir. 1986).[1]

In the instant case, the sole justification proffered by Debtors in support of the amount of the proposed bonus is that Heagney has offered a similar bonus on one other occasion. Moreover, Debtor has not disclosed the amounts to be disbursed if the bonuses were approved.  In the absence of evidence as to the cost of the proposed bonuses, and as to industry norms regarding retention of key personnel, the court cannot conclude that Debtors have adequately articulated a sound business

---

[1] The court notes that Section 503(c) may also apply, but the standard under Section 503(c)(3), prohibiting transfers "outside the ordinary course of business and not justified by the facts and circumstances of the case" as applied to the instant case is substantially similar to the test under Continental.  The court notes that Debtors' contention that the employees covered by the instant motion are not "insiders" covered by Sections 503(c)(1) and 503(c)(2) is uncontroverted.

4

justification for allowance of the bonus.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Motion for Authority to Pay Bonuses to Certain Non-insider Employees" (Docket No. 76).

Signed at Houston, Texas on April 30, 2008.

*/s/ Letitia Z. Clark*
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

5