IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| VIKING OFFSHORE (USA) INC., | ) ) | CASE NO. 08-31219-H3-11 |
| Debtors, | ) ) ) | (Jointly Administered) |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion for Authority to Pay Incentive Bonuses to Key Employee Youllonda Driver" (Docket No. 142). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008. The cases were jointly administered, by order entered March 4, 2008, and have been designated as a complex Chapter 11 case, by order entered March 10, 2008.

Debtors' primary business activity in the instant Chapter 11 case is an attempt to complete an arms-length brokered sale of three drilling rigs and related equipment through a Chapter 11 plan.

In the instant motion, Debtors seek approval of bonuses to be paid to Youllonda Driver, if a sale of each of the rigs is completed, other than by credit bid or foreclosure. Debtors propose to pay Driver a bonus of $100,000 on the sale of the Viking Producer, $75,000 on the sale of the Viking Prospector, and $50,000 on the sale of the Viking Century. Debtors propose to pay 80 percent of the bonus at the closing of each sale, if Driver is an employee of Debtors, and the remaining 20 percent when Driver is terminated, or 90 days after all the rigs have been sold.

W. Dennis Heagney, the chief executive officer of each of the Debtors, testified that Driver is the chief financial officer of Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., and Viking Century Inc. He testified that she is the controller of Viking Drilling ASA.

Heagney testified that Debtors acquired the three rigs for $45 million. He testified that, on the petition date, Debtors had spent approximately $55 million on work in progress to refurbish and recommission the Viking Producer. He testified that work remained to be done on the petition date, such that

there were contracts for a total expense (including the $55 million previously spent) of approximately $120 million to finish refurbishing the Viking Producer.

Heagney testified that Driver's current duties are to gather and catalog invoices and purchase orders in a systematic way, so that potential purchasers of the rigs may review the terms and status of each contract and purchase order as part of the purchaser's due diligence.  Heagney testified that Driver has also shown the rigs to two potential purchasers.

Ed McGaughey, Debtor's expert on executive compensation matters, testified that Driver's $286,000 salary, plus all three bonuses, if earned, would place Driver's compensation in the lowest quartile of executive compensation for comparable positions in the oil and gas industry in Houston, Texas.

Debtors presented no evidence as to whether Driver has a bona fide job offer from another business, and whether the amount of the proposed bonus is more than 10 times the amount of the mean bonus to nonmanagement employees.

Conclusions of Law

Section 503(c)(1) of the Bankruptcy Code provides:

> (c) Notwithstanding subsection (b), there shall neither be allowed, nor paid–
>
>> (1) a transfer made to, or an obligation incurred for the benefit of, an insider of the debtor for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based on evidence in the record that–

3

>> (A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
>>
>> (B) the services provided by the person are essential to the survival of the business; and
>>
>> (C) either–
>>
>>> (i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
>>>
>>> (ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred.

11 U.S.C. § 503(c)(1).

Debtors contend that Section 503(c)(1) does not apply, because the proposed bonus plan is a "pay for value" compensation plan, intended to create incentives for management and key employees, rather than a "pay to stay" compensation plans.  In support of this contention, Debtors cite In re Global Home Products, LLC, 369 B.R. 778 (D. Del. 2007); In re Dana Corp., 358

4

B.R. 567 (S.D.N.Y. 2006); and In re Nellson Nutraceutical, Inc., 369 B.R. 787 (D. Del. 2007).

In each of the three cases cited by Debtors, the debtors sought to continue and modify broad incentive plans, in force for a significant duration prepetition, by debtors which intended to continue operations.  The instant case is distinguished from all three cases cited by Debtors, in that the Debtors in the instant case propose a liquidation of the business, and propose a bonus to induce executive employees to stay during the process of sale of the rigs.  The court concludes that Section 503(c)(1) applies to the proposed bonus.

Debtors have presented no evidence that the proposed bonus complies with Section 503(c)(1).  The court concludes that the motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Motion for Authority to Pay Incentive Bonuses to Key Employee Youllonda Driver" (Docket No. 142) without prejudice.

Signed at Houston, Texas on June 26, 2008.

*[signature]*

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE