John P. Melko (TX 13919600)
Amy Catherine Dinn (TX 24026801)
Clinton Snow (TX 24060629)
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, TX  77002-5011
Telephone:  (713) 276-5500
Facsimile:  (713)  276-5555

COUNSEL TO THE DEBTORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| VIKING OFFSHORE (USA) INC., VIKING PRODUCER INC., VIKING PROSPECTOR INC., VIKING CENTURY INC. and VIKING DRILLING ASA | § § § § § § § | Jointly Administered under Case No. 08-31219 (Chapter 11) |
| Debtors. | § § | |

### AMENDED NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF MODIFIED JOINT NON-CONSOLIDATING CHAPTER 11 PLAN OF LIQUIDATION AND DEADLINES FOR FILING CLAIMS FOR REJECTION DAMAGES, ADMINISTRATIVE EXPENSES AND APPLICATIONS FOR PROFESSIONAL FEES

THIS AMENDED NOTICE CORRECTS CERTAIN DATES CONTAINED IN THE ORIGINAL NOTICE.

PLEASE TAKE NOTICE that on September 3, 2010, (the "Effective Date"), the Modified Joint Non-Consolidating Chapter 11 Plan of Liquidation (the "Plan")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), which was confirmed by an order of the Bankruptcy Court entered on December 14, 2009 (the "Confirmation Order"), and further modified by an order of the Bankruptcy Court entered on August 18, 2010, became effective.

PLEASE TAKE FURTHER NOTICE that all provisions of the Plan and the Confirmation Order relating to a period on or after the Effective Date are now of full force and effect, including without limitation the injunction provisions of Section 12.2 of the Plan.

PROOFS OF CLAIM FOR CONTRACT AND LEASE REJECTION.  In accordance with Section 11.2 of the Plan, **any proofs of Claim asserting Claims arising from the**

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

rejection of the Debtors' executory contracts and unexpired leases pursuant to the Plan or otherwise must be Filed and served on the appropriate Liquidating Trustee no later than October 3, 2010. Any proofs of Claim arising from the rejection of the Debtors' executory contracts or unexpired leases that are not timely filed shall be forever barred and shall not be enforceable against the Debtors, their Estates, affiliates, successors, properties, or the affected Liquidating Trust.

APPLICATIONS FOR ADMINISTRATIVE EXPENSES. In accordance with Paragraph 26 of the Confirmation Order, **all holders of an Administrative Expense are required to File with the Bankruptcy Court, and to serve upon all parties required to receive notice, an application for allowance of such Administrative Expense on or before October 18, 2010**. Pursuant to Section 4.1(b) of the Plan, the Administrative Expenses subject to the Post-Confirmation Bar Date include (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. An Administrative Expense with respect to which an application has been properly and timely filed pursuant to Section 4.1 shall be treated and paid as an Administrative Expense only to the extent allowed by a Non-Appealable Order; *provided, however*, that Administrative Expenses incurred and paid by any Debtor in the ordinary course during the Cases shall be deemed Allowed, and any entity asserting such an Administrative Expense shall not be required to submit an application for its approval.

FINAL FEE APPLICATIONS. In accordance with Paragraph 26 of the Confirmation Order, **each Professional whose retention with respect to the Cases has been approved by the Bankruptcy Court and who holds or asserts an Administrative Claim that is a Professional Fee Claim shall be required to File with the Bankruptcy Court, and to serve on all parties required to receive notice, a final Fee Application on or before October 18, 2010**. Pursuant to Section 4.1(c) of the Plan, the failure to timely File the Fee Application shall result in the Professional Fee Claim being forever barred and discharged. A Professional Fee Claim with respect to which a Fee Application has been properly and timely filed pursuant to Section 4.1 shall be treated and paid as an Administrative Expense only to the extent allowed by a Final Order. No Professional Fee Claims shall be allowed on account of any services rendered by a Professional whose retention with respect to the Cases has not been approved by the Bankruptcy Court.

OBJECTIONS TO CLAIMS. In accordance with Section 10.1 of the Plan, **objections to the allowance of a Claim must be in writing and may only be filed by the Liquidating Trustees at any time on or before the later of (a) December 2, 2010, and (b) thirty (30) days after the Filing of a proof of Claim or Interest by a Creditor, on or after the Effective Date**.

PLEASE TAKE FURTHER NOTICE that all requests for notice and changes of address or inquiries regarding administration of the Debtors' Plan should be directed to the Liquidating Trustees at the following address:

Youllonda D. Driver
16000 Memorial Drive, Suite 250
Houston, TX  77079
Telephone: 713-335-3883
Facsimile: 713-335-3893

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, and the Confirmation Order are on file with the clerk of the Bankruptcy Court and may be reviewed during regular business hours or online at https://ecf.txsb.uscourts.gov (registered users).

Dated: September 14, 2010                               Respectfully submitted,

                                                        By:  */s/ John P. Melko*
                                                        John P. Melko
                                                        Texas State Bar No. 13919600
                                                        jmelko@gardere.com
                                                        1000 Louisiana, Suite 3400
                                                        Houston, Texas  77002-5011
                                                        713-276-5727 (*direct dial*)
                                                        713-276-6727 (*direct fax*)
                                                        Attorney in Charge

OF COUNSEL:
Amy Catherine Dinn
Clinton R. Snow
GARDERE WYNNE SEWELL LLP
Telephone:  713-276-5500
Facsimile:  713-276-5555

                                                        COUNSEL FOR DEBTORS VIKING OFFSHORE (USA) INC., VIKING PRODUCER INC., VIKING PROSPECTOR INC., VIKING CENTURY INC. and VIKING DRILLING ASA

## CERTIFICATE OF SERVICE

  Pursuant to Local Bankruptcy Rule 9013(d), this is to certify that on September 14, 2010 a true and correct copy of the foregoing document was forwarded to all parties entitled to receive electronic notification in this case by via the Bankruptcy Court's ECF system and by regular U.S. mail to all other parties listed on the Debtors' Master Service List and Opposing Counsel Service List filed with the Notice.

                */s/ Amy Catherine Dinn*
                Amy Catherine Dinn

                ATTORNEYS FOR VIKING OFFSHORE (USA), INC., VIKING PRODUCER, INC., VIKING PROSPECTOR, INC., VIKING CENTURY, INC. AND VIKING DRILLING ASA

HOUSTON 1085175v.4